UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-190-TBR

UNITED PROPANE GAS, INC.,                                  PLAINTIFF

V

PINCELLI & ASSOCIATES, INC.,                                DEFENDANT

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff United Propane Gas, Inc.'s (UPG) Motion in Limine. (R. 121). Fully briefed, this matter is ripe for decision. For the reasons that follow, UPG's Motion in Limine is HEREBY DENIED.

BACKGROUND

UPG sued Pincelli & Associates, Inc. (Pincelli) for breach of contract and bad faith. Pincelli claims that the alleged contract's execution was conditioned upon the completion of Pincelli's due diligence, and that a contract was never formed. After dispositive motions, a jury trial remains set for January 7, 2019.

With trial approaching, UPG files the instant Motion in Limine to preclude evidence of Pincelli's due diligence. Relying the Court's Opinion denying Pincelli's Motion for Summary Judgment, UPG argues that the Court has already determined there to be no evidence to support the proposition that Pincelli communicated a due diligence condition to UPG.

STANDARD

Motions in limine provided in advance of trial are appropriate if they eliminate evidence that has no legitimate use at trial for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997); *Bouchard v. Am. Home Products Corp.*, 213 F.Supp.2d 802, 810 (N.D.Ohio 2002) ("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984))). Only where the evidence satisfies this high bar should the court exclude it; if not, "rulings [on evidence] should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D.Ky.2010) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D.Ohio 2004)). Even if a motion in limine is denied, the court may revisit the decision at trial when the parties have more thoroughly presented the disputed evidence. *See id.* ("Denial of a motion in limine does not guarantee that the evidence will be admitted at trial, and the court will hear objections to such evidence as they arise at trial.").

DISCUSSION

UPG's misinterprets the Court's Opinion denying Pincelli's motion for summary judgment. The Court made its conclusions in that Opinion according to the summary judgment standard, and at the early stages of discovery. Thus, the Court's statement in that Opinion, "[a]fter reviewing the record, this Court has been unable to identify any evidence that Pincelli communicated its pre-conditions to United Propane prior to August 12 or 13, 2013, several days after the alleged contract came into existence," means only that, at that time, there remained a

genuine issue of material fact concerning whether Pincelli communicated the due diligence condition prior to the alleged contract formation, which precluded Pincelli from summary judgment on the issue. It does not mean that the issue has been decided, thereby making evidence concerning the issue improper at trial. Moreover, such evidence is relevant to a crucial issue to be decided at trial. Therefore, the Court declines to rule in advance of trial that any evidence of Pincelli's due diligence is precluded.

CONCLUSION

Based on the reasons above, it is **HEREBY ORDERED** as follows: Plaintiff's Motion in Limine, (R. 121), is DENIED.

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 12, 2018

cc. counsel